Matthew E. Draper
DRAPER & DRAPER LLC
200 Park Avenue, Suite 1700
New York, NY 10166
Tel: (347) 442-7788
Fax: (505) 490-4590

*Counsel for Serbian Bankruptcy Supervision
Agency as Trustee of Železara Smederevo D.O.O.
in bankruptcy*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

In re:

      ŽELEZARA SMEDEREVO D.O.O.,

          Debtor in a Foreign Proceeding.

----------------------------------------------------------------x

Chapter 15

Case No. _____

**VERIFIED PETITION UNDER CHAPTER 15 FOR
RECOGNITION OF FOREIGN MAIN PROCEEDING**

**TABLE OF CONTENTS**

I. JURISDICTION AND VENUE ................................................................................................ 1

II. BACKGROUND ...................................................................................................................... 1

    A.    Commencement of the Serbian Insolvency Proceeding.................................................. 1

    B.    Overview of ZS's Business ............................................................................................ 2

    C.    Events Leading Up To, And Current State Of, The Serbian Insolvency Proceeding ...... 2

    D.    Pending Litigation In The United States District Court For The District of Columbia ... 5

III. RELIEF REQUESTED ............................................................................................................ 6

IV. BASIS FOR RECOGNITION AND RELIEF REQUESTED ................................................. 7

    A.    The Petition Satisfies The Requirements Of Chapter 15 And The Serbian Insolvency Proceeding Is Entitled To Recognition As A Foreign Main Proceeding ......................... 7

    B.    The BSA Is Entitled To Relief Under 11 U.S.C. § 1520................................................ 11

V. RESERVATION OF RIGHTS ................................................................................................ 12

VI. SATISFACTION OF LOCAL BANKRUPTCY RULE 9013-1(a) ....................................... 12

VII. HEARING DATE AND NOTICE ........................................................................................ 12

The Serbian Bankruptcy Supervision Agency (the "BSA"), as trustee and foreign representative of Železara Smederevo D.O.O. ("ZS" or the "Debtor") in ZS's insolvency proceeding (the "Serbian Insolvency Proceeding") under The Law on Bankruptcy of the Republic of Serbia of 2009 (the "Serbian Bankruptcy Law"), respectfully files this Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceedings (the "Verified Petition").[1]

## I.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code, the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting CJ.), dated July 10, 1984, and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, Acting CJ.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

Venue is proper in this District pursuant to 28 U.S.C. § 1410.

## II.

## BACKGROUND

**A.    Commencement of the Serbian Insolvency Proceeding**

On November 20, 2018, the Republic of Serbia, Ministry of Economy, filed an application seeking the commencement of bankruptcy proceedings (the "Serbian Insolvency Proceedings") with regard to ZS in the Commercial Court in Požarevac, Serbia (the "Serbian Court").

---

[1] Filed contemporaneously with this Verified Petition is the *Declaration of Željko Mijušković in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding* (the "Mijušković Declaration"). All exhibits referred to herein are attached to the Mijušković Declaration. All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Mijušković Declaration.

On January 31, 2019, the Serbian Court commenced a bankruptcy proceeding against ZS under the Serbian Bankruptcy Law (the "Commencement Order"). A copy of the Commencement Order is attached to the Mijušković Declaration as Exhibit C. The Commencement Order appointed the BSA as the trustee for ZS. Thereafter, on February 8, 2019, in accordance with Serbian Bankruptcy Law, the BSA designated Željko Mijušković as the authorized representative, with power of attorney, to act on behalf of the BSA in respect of the Serbian Insolvency Proceeding. Mijušković Declaration at Exhibit D. The Serbian Insolvency proceeding is pending.

**B.      Overview of ZS's Business**

ZS is a company formed and existing under the laws of Serbia. In 2003, U.S. Steel purchased a century-old steel mill in Smederevo, a city along the Danube in central Serbia. Although the steel mill was productive and profitable for several years, the global financial crisis soon caused worldwide contraction in the steel market, and U.S. Steel announced plans to close the mill.

In January 2012, the Republic of Serbia purchased the steel mill and continued to operate it. The Republic of Serbia is ZS's sole shareholder. In late 2015, the Chinese industrial conglomerate HeSteel Group expressed interest in acquiring ZS. By April 2016, terms for an acquisition were received from HeSteel, and after significant negotiations, on April 18, 2016, HeSteel and ZS entered into a sale and purchase agreement for the acquisition of ZS's primary assets. The sale transaction closed on June 30, 2016.

**C.      Events Leading Up To, And Current State Of, The Serbian Insolvency Proceeding**

**1.      ZS Contracts A Third Party Manager**

In 2014, the Republic of Serbia announced plans to privatize ZS. Part of the Republic of Serbia's strategy was to retain a professional management company to operate and improve ZS's financial outlook prior to its sale. In 2015, Serbia solicited bids from several companies for interim

2

management and ultimately awarded the contract to a Serbian company, HPK Management D.O.O. ("HPK Management"). HPK Management is a subsidiary of a Dutch company HPV Engineering B.V. ("HPK Engineering" and, together with HPK Management, "HPK").

HPK Management's retention was governed by a Management and Consultancy Services Agreement (the "MSA"). Pursuant to the MSA, HPK Management could earn a bonus upon the successful privatization of the company – specifically a "Privatization Bonus" equal to "30% of ZS's acquisition price but in no event lower than USD 10,000,000. By its terms, the MSA terminated upon successful privatization.

2. **ZS and HPK Management Dispute and Subsequent Arbitration**

In furtherance of the imminent sale of the company to HeSteel, on April 1, 2016, ZS issued a termination notice to HPK Management pursuant to Section 8.4 of the MSA. A dispute then arose between the ZS and HPK Management concerning whether HPK Management had complied with its obligations under the MSA. ZS eventually issued a second termination notice on June 25, 2016, asserting that (i) HPK Management had breached the MSA, (ii) was being terminated for immediately cause, and (iii) was therefore not entitled to any Privatization Bonus.

HPK disputed the validity of the termination and initiated an arbitration under the MSA, which provided for disputes to be "referred to and finally resolved by arbitration under the London Court of International Arbitration Rules." MSA § 17.2. HPK named both ZS and the Republic of Serbia as respondents. The arbitration was held in London, England. After six rounds of substantive briefing, the presentation of over 300 evidentiary exhibits, six witness statements, and three expert reports, the Tribunal held a five-day evidentiary hearing from October 30, 2017 through November 3, 2017. On May 11, 2018, the Tribunal rendered a Final Award (the "Final Award"). A copy of the Final Award is attached to the Mijušković Declaration as Exhibit B. The Tribunal found that ZS was liable to HPK Management for approximately US$12.4 million, which

3

included the minimum payment of the Privatization Bonus and certain management fees. The Tribunal denied HPK's request for additional damages against ZS and found fully in favor of Serbia.

### 3.     Current State of the Serbian Insolvency Case

The main goal of the BSA in the Serbian Insolvency Proceeding is to ensure the rights of all of ZS's creditors. To achieve this goal, the Serbian Court has instituted a moratorium on any actions against ZS or its assets. The BSA, through its proxy, is charged with (1) preparing and submitting regular reports to the Serbian Court and creditors, (2) preparing a final list of creditors, (3) where appropriate taking loans, (4) marshalling and liquidating any assets of the debtor, (5) validating any claims submitted against the debtor, and (5) commencing or continuing any litigation, wherever located, either for or against the debtor and its assets.

The Serbian Court's Commencement Order authorized the BSA to, among other things, file proceedings in furtherance of the Serbian Insolvency Case in any relevant jurisdiction. Accordingly, the BSA is authorized to act as the "foreign representative" of ZS in this chapter 15 case. As set forth in the Commencement Order, notice of the commencement of ZS's insolvency case was published in the "Official Gazette" of the Republic of Serbia on or February 08, 2019. Mijušković Declaration, ¶ 22. The Commencement Order set the claims bar date as 30 days after the date of publication, March 10, 2019. *Id*.

On March 19, 2019, a meeting of ZS's creditors was held at the Commercial Court in Pozarevac. *Id*. at Par 23. On April 8, 2019, the Court held an Examination Hearing. *Id*.

As of January 31, 2019, the BSA has received claims from 36 claimants for a total amount of approximately 60 billion Serbian Dinars[2] ("RSD") of claims. *Id*. at ¶ 24.

---

[2]   For reference, the official middle exchange rate as of January 31, 2019 was 1 USD=102.95 RSD.

4

As of January 31, 2019, the BSA holds 50 million RSD on deposit in the Komercijalna banka ad Beograd for the benefit of ZS's creditors. *Id*. at Par 25.

The above amount does not include the value of tangible and intangible assets, which will be subject to formal valuation and sale at a later stage. Cash amounts received thereupon shall be included in ZS' bankruptcy estate for distribution to its creditors.

The BSA expects to be able to pay creditors their pro rata share of such assets less costs of administration. *Id*. at ¶ 26.

### D. Pending Litigation In The United States District Court For The District of Columbia

On July 30, 2018, HPK Management and HPK Engineering filed a Petition to Confirm Arbitration Award (the "Arbitration Petition") against the Republic of Serbia and ZS before the United States District Court for the District of Columbia (*HPK Management D.O.O. et al. v. Republic Of Serbia et al.*, 1:18-cv-01773-RDM) ("Enforcement Action"). A copy of the Arbitration Petition is attached to the Mijušković Declaration as Exhibit E. On January 10, 2019, Petitioners in the Enforcement Action amended their petition to reflect assignment of HPK Management's claims to HPK Engineering (the "Amended Arbitration Petition"). A copy of the Amended Arbitration Petition is attached to the Mijušković Declaration as Exhibit F.

The Enforcement Action was commenced in the United States notwithstanding that (i) ZS is a Serbian company with no assets in, creditors in, or other ties at all to the United States, (ii) HPK Management is a Serbian Company with few, if any, ties to the United States, and (iii) HPK Engineering is a Dutch company with few, if any ties to the United States. ZS opposes the Petition on the grounds that the district court lacks personal jurisdiction over ZS.[3]

---

[3] On April 3, 2019, HPK voluntarily dismissed the Amended Arbitration Petition against the Republic of Serbia.

5

The Arbitration Petition was filed before ZS was placed into bankruptcy in Serbia. On March 27, 2019, ZS moved the D.C. District Court to stay proceedings so that the SBA could seek chapter 15 recognition for the Serbian Bankruptcy Proceeding. No party to the litigation submitted any opposition to the motion and, on April 3, 2019, the Court ordered that the "case is stayed in light of the bankruptcy proceedings against Zelezara Smederevo." April 3, 2019 Minute Order. The Court directed the parties to update it on the bankruptcy proceedings by August 7, 2019. *Id.* Now that ZS is the debtor in a Serbian proceeding, any claims that HPK may have, whether deriving from the Final Award or otherwise, are not properly litigated in the United States. Indeed, to the extent that ZS has any assets in the United States, which aside from certain retainers held in its US counsel's client trust account, it does not, those assets should be turned over to the BSA, and distributed through the Serbian Insolvency Proceeding.

ZS filed this Chapter 15 case in order to stay litigation regarding claims against an insolvent Serbian company and facilitate the adjudication and payment of those claims in the foreign main proceeding, presently pending in Serbia.

### III.

### RELIEF REQUESTED

The BSA seeks entry of an order substantially in the form of the Proposed Order attached hereto as Exhibit A and pursuant to sections 105(a), 1507(a), 1509(b), 1515, 1517, 1520, 1521 of the Bankruptcy Code, that:

> a. grants the Petition in this case and recognizes the Serbian Insolvency Proceeding as foreign main proceedings pursuant to section 1517 of the Bankruptcy Code;
>
> b. recognizes the BSA as the "foreign representative" of the Debtor as defined in section 101(24) of the Bankruptcy Code in respect of the Serbian Insolvency Proceeding;

6

    c. gives full force and effect and grants comity in the United States to the Commencement Order;

    d. permanently enjoins all parties from commencing or taking any action in the United States to obtain possession of, exercise control over, or assert claims against ZS or its property; and

    e. grants such other and further relief as the Court deems just and proper.

**IV.**

**BASIS FOR RECOGNITION AND RELIEF REQUESTED**

**A.**    **The Petition Satisfies The Requirements Of Chapter 15 And The Serbian Insolvency Proceeding Is Entitled To Recognition As A Foreign Main Proceeding**

Section 1517(a) of the Bankruptcy Code provides that the Court shall enter "an order recognizing a foreign proceeding as a foreign main proceeding if (1) such foreign proceeding is a foreign main proceeding within the meaning of section 1502 of the Bankruptcy Code, (2) the foreign representative applying for recognition is a person or body, and (3) the petition meets the requirements of section 1515" of the Bankruptcy Code. 11 U.S.C. § 1517; *In re Oversight & Control Comm'n of Avánzit, S.A.*, 385 B.R. 525, 532 (Bankr. S.D.N.Y. 2008).

As set forth below, the Serbian Insolvency Proceeding should be recognized as a foreign main proceeding and the Commencement Order should be recognized and enforced because this chapter 15 case was properly commenced by a duly authorized foreign representative, the Serbian Insolvency Proceeding qualifies as a foreign proceeding, and the foreign proceeding is pending in the country where ZS has its center of main interests.

**i.**    **The Serbian Insolvency Proceeding Is A "Foreign Proceeding"**

Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and

7

>   affairs of the debtor are subject to control or supervision by a foreign
>   court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23). As discussed in the Mijušković Declaration, the Serbian Insolvency Proceeding is a judicial proceeding brought under the Serbian Bankruptcy Law and is supervised by a Serbian court. *Id.* at ¶ 5. The Serbian Bankruptcy Law provides for a controlled procedure designed to maximize the value of ZS's assets and to realize upon the assets these for the purpose of equitable distribution among ZS's creditors. *Id.* at ¶¶ 6-9.

There can be no doubt that the Serbian Insolvency Proceeding qualifies as a foreign proceeding. The court in Serbia has exercised its authority, held hearings and issued rulings. *Id.* at ¶¶ 20-26. Additionally, the Serbian Insolvency Proceeding is not for the benefit of a single creditor, but rather ZS's entire creditor body, and is for the purpose of providing for an equitable distribution of ZS's assets to its creditors. *Id.* Accordingly, the Serbian Insolvency Proceeding qualifies as a judicial proceeding in a foreign country.

In addition to qualifying as a "foreign proceeding" under section 101(23), the Serbian Insolvency Proceeding qualifies as a "foreign main proceeding," which is defined in the Bankruptcy Code as "a foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4); *see also* 11 U.S.C. § 1517(b)(1) (providing that an order of recognition of a foreign main proceeding shall be entered if the foreign proceeding that is subject to the petition "is pending in the country where the debtor has the center of its main interests").

"In the absence of evidence to the contrary," there is a statutory presumption that a debtor's "registered office" is the "center of its main interests ("COMI"). *See* 11 U.S.C. § 1516(c). Here, ZS was incorporated in Serbia, and therefore presumptively ZS's COMI is in Serbia.

8

Moreover, extrinsic evidence further supports a finding that ZS's COMI is in Serbia. As the Second Circuit explained, "the relevant principle . . . is that the COMI lies where the debtor conducts its regular business, so that [it] is ascertainable by third parties. . . . Among other factors that may be considered are the location of headquarters, decision-makers, assets, creditors, and the law applicable to most disputes." *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 130 (2d Cir. 2013).

Here, there is little question that ZS's center of main interests is located in Serbia. ZS is a Serbian company, whose sole shareholder is the Republic of Serbia. Mijušković Declaration at ¶ 11. ZS's management was either Serbian, or appointed by a combination of (i) a Serbian company retained to manage ZS, and (ii) the Republic of Serbia. *Id.* at ¶¶ 12-13. Moreover, ZS's sole asset was a steel mill located in Serbia. *Id.* at ¶¶ 10-11. There is, in fact, no credible evidence that ZS operated anywhere other than Serbia. As such, ZS's COMI is unquestionably in Serbia, and the Serbian Insolvency Proceeding is a foreign main proceeding.

### ii.    **The BSA Is An Appropriate "Foreign Representative"**

The term "foreign representative" is defined in section 101(24) of the Bankruptcy Code as:

> [A] person or body, including a person or body appointed on an interim basis authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

As set forth in the Commencement Order (which is attached to the Mijušković Declaration as Exhibit C), the BSA was appointed by the court in Serbia and is duly authorized to act as a trustee for ZS. As a trustee, the BSA is responsible for, among other things, preserving ZS's property, compiling a register of creditors' claims, notifying creditors of the commencement of the Serbian Insolvency Proceeding, and marshalling ZS's assets for distribution. Additionally, the

BSA is authorized to commence this Petition and seek recognition of the Serbian Insolvency Proceeding.  *See* Mijušković Declaration at ¶ 21 (it is the obligation of the BSA, as trustee, to take measures to find and recover ZS's assets and the BSA is authorized, *inter alia*, to file any application necessary to search, find and recover BSA's assets).

### iii.    The Petition Meets the Requirements of 11 U.S.C. § 1515

The third and final requirement for recognition of a foreign proceeding under section 1517(a) of the Bankruptcy Code is that the petition for recognition meets the procedural requirements of section 1515 of the Bankruptcy Code. 11 U.S.C. § 1517(a)(3).  Section 1515 of the Bankruptcy Code provides that:

> (b) A petition for recognition shall be accompanied by—
>
> (1)   a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;
>
> (2)   a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or
>
> (3)   in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.
>
> (c) A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.
>
> (d) The documents referred to in paragraphs (1) and (2) of subsection (b) shall be translated into English. The court may require a translation into English of additional documents.

11 U.S.C. § 1515.

Here, all of those procedural requirements have been satisfied. In accordance with sections 1515(b) (1)-(2) and (d) of the Bankruptcy Code, the BSA has submitted documents, translated into English, which evidence the existence of the Serbian Insolvency Proceeding and the appointment

of the BSA as foreign representative thereof. *See* Exhibits A through F of the Mijušković Declaration. Additionally, in accordance with section 1515(c) of the Bankruptcy Code, the Mijušković Declaration contains a statement identifying the Serbian Insolvency Proceeding as the only foreign insolvency proceeding currently pending with respect to ZS. *See Id.* at ¶ 32. Finally, pursuant to Bankruptcy Rule 1007(a)(4), the required lists and statements were included with the Petition.

As set forth above, each of the prerequisites to recognition under section 1517 has been met. Accordingly, the BSA respectfully requests that the Court recognize (i) the Serbian Insolvency Proceeding as a foreign main proceeding and (ii) the BSA as a foreign representative.

**B.      The BSA Is Entitled To Relief Under 11 U.S.C. § 1520**

Upon recognition of the Serbian Insolvency Proceeding as a foreign main proceeding, section 1520 of the Bankruptcy Code prescribes certain forms of relief available to the BSA. Such relief is granted automatically as a consequence of recognition and requires no further showing by the BSA.

Specifically, section 1520 of the Bankruptcy Code provides for the following relief:

> (1)     sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States;
>
> (2)     sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;
>
> (3)     unless the court orders otherwise, the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and

    (4)  section 552 applies to property of the debtor that is within the territorial jurisdiction of the United States

11 U.S.C. § 1520.

Therefore, upon recognition, ZS is entitled to the benefit of the automatic stay provided under section 362(a) of the Bankruptcy Code in respect of all actions and proceedings against the Debtor, including the DC Litigation.

## V.

## RESERVATION OF RIGHTS

Pursuant to sections 1519(a) and 1521(a) of the Bankruptcy Code, the BSA hereby reserves all rights to seek, at any point (either before or after a change in circumstances under section 1518 of the Bankruptcy Code), further and other relief from this Court that may be necessary to implement the Serbian Insolvency Proceeding and to effectuate the purposes of chapter 15.

## VI.

## SATISFACTION OF LOCAL BANKRUPTCY RULE 9013-1(a)

This Verified Petition contains citations to the relevant authorities and therefore, satisfies Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.  Notwithstanding the foregoing request, the BSA reserves the right to file an appropriate memorandum of law should it become necessary under the circumstances.

## VII.

## HEARING DATE AND NOTICE

The BSA requests that the Court set a date for a hearing (the "Hearing Date") pursuant to section 1517(c) of the Bankruptcy Code and Local Bankruptcy Rule 2002-2 to approve the Petition and recognize the Serbian Insolvency Proceeding as a foreign main proceeding.  If no

objections to this Petition are filed by the date ordered for such objections, the BSA requests that the Court enter the Proposed Order recognizing the Serbian Insolvency Proceeding as a foreign main proceeding without a hearing.

The BSA submits that when the Hearing Date has been set by the Court, notice will be given as reasonable and appropriate and consistent with Bankruptcy Rule 2002(q) and Local Bankruptcy Rule 2002-4.

Dated: New York, New York     Respectfully submitted,
       June 27, 2019

                                         __/s/ Matthew E. Draper_____
                                         Matthew E. Draper
                                         DRAPER & DRAPER LLC
                                         200 Park Avenue, Suite 1700
                                         New York, NY 10166
                                         Tel: (347) 442-7788
                                         Fax: (505) 490-4590
                                         Email: matthew.draper@draperllc.com

                                         *Counsel for Serbian Bankruptcy Supervision*
                                         *Agency as Trustee of Železara Smederevo D.O.O.*
                                         *in bankruptcy*