Matthew E. Draper
**DRAPER & DRAPER LLC**
200 Park Avenue, Suite 1700
New York, NY 10166
Tel: (347) 442-7788
Fax: (505) 490-4590

*Counsel for Serbian Bankruptcy Supervision
Agency as Trustee of Železara Smederevo D.O.O..
in bankruptcy*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re:

       ŽELEZARA SMEDEREVO
       D.O.O..,

       Debtor in a Foreign Proceeding.

---------------------------------------------------------------x

Chapter 15

Case No. _____

**APPLICATION FOR ORDER SCHEDULING HEARING ON
CHAPTER 15 PETITION AND SPECIFYING FORM AND
<u>MANNER OF SERVICE OF NOTICE OF HEARING</u>**

      The Serbian Bankruptcy Supervision Agency (the "BSA"), as trustee and foreign representative of Železara Smederevo D.O.O.. ("ZS" or the "Debtor") in ZS's insolvency proceeding (the "Serbian Insolvency Proceeding") under the Bankruptcy Act ('Official Gazette of the Republic of Serbia', No 104/09, 99/2011,71/2012, 83/2014,113/2017, 44/2018 and 95/2018) (the "Serbian Bankruptcy Law"), by United States Counsel Draper & Draper LLC, respectfully represents as follows:

**BACKGROUND**

      1.      On the date hereof, the BSA commenced a chapter 15 case pursuant to section 1504 of the Bankruptcy Code by filing an Official Form Petition and a Verified Petition Under Chapter

15 for Recognition of a Foreign Main Proceeding (collectively, with all attachments, the "Petition") accompanied by all certifications, statements, lists and documents required pursuant to section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Petition seeks recognition of, and relief necessary to aid, a foreign main proceeding, as defined in sections 101(23) and 1502(4) of the Bankruptcy Code, which currently is pending in the Republic of Serbia.

2. On November 20, 2018, on application of the Republic of Serbia, Ministry of Economy, commenced proceedings (the "Serbian Insolvency Proceedings") with regard to ZS in the Commercial Court in Požarevac, Serbia (the "Serbian Court").

3. On January 31, 2019, the Serbian Court commenced a bankruptcy proceeding against ZS under the Serbian Bankruptcy Law (the "Commencement Order"). A copy of the Commencement Order is attached to as Exhibit C to the Declaration of Zeljko Mijuskovic filed contemporaneously herewith (the "Mijuskovic Declaration"). The Commencement Order appointed the BSA as the trustee for ZS. Thereafter, on February 8, 2019, in accordance with Serbian Bankruptcy Law, BSA designated Željko Mijušković as the authorized representative, with power of attorney, to act on behalf of the BSA in respect of the Serbian Insolvency Proceeding.

4. Upon entry of the Commencement Order, and in accordance with the Serbian Bankruptcy Law, the BSA was charged with overseeing ZS's liquidation, including verifying creditors' claims, managing the bankruptcy estate, tracing and challenging transactions that did not benefit the estate, and pursuing actions against persons that contributed to ZS's failure. Accordingly, the BSA is authorized to act as "foreign representative" of the Company in this chapter 15 case.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code, and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting CJ.), dated July 10, 1984 and Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, Acting CJ).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

**RELIEF REQUESTED**

6.     The statutory bases for the relief requested herein are sections 105, 1514 and 1515 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007.

7.     This application (the "Application") requests entry of an order in the form annexed hereto as **Exhibit "A"** (the "Proposed Notice Order"): (i) approving the notice of the filing, substantially in the form annexed hereto as **Exhibit "B"** (the "Notice"), to be provided by the BSA and providing notice of BSA's intent to rely on foreign law pursuant to Fed. R. Civ. P. 44.1, namely the Serbian Bankruptcy Law and related Serbian laws; (ii) setting a hearing on the relief sought in the Petition (the "Recognition Hearing"), and (iii) specifying the form the manner of service of the Notice.

**BASIS FOR RELIEF**

**A.  Form and Manner of Notice**

8.     Bankruptcy Rule 2002(q)(1) provides that:

After the filing of a petition for recognition of a foreign proceeding, the court shall promptly schedule and hold a hearing on the petition. The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under §1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of

3

the filing of the petition, and such other entities as the court may direct, at least 21 days' notice by mail of the hearing. The notice shall state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding and shall include the petition and any other document the court may require.

Fed. R. Bankr. P. 2002(q)(1).

9. As set forth more fully in the Petition, ZS is currently a party to a pending litigation in the United States, specifically the litigation styled *HPK Management D.O.O.. and HPK Engineering B.V. v. Republic of Serbia and ZS*, Case No. 18-cv-01773 (RDM) (D.D.C.) (the "US Litigation"). Consistent with the requirements of Bankruptcy Rule 2002(q)(1), the BSA proposes serving the Notice and Petition on the following (collectively, the "Chapter 15 Notice Parties"): (i) plaintiffs in the US Litigation (and their respective counsel); and (ii) the Office of the United States Trustee for the Southern District of New York.

10. Although Bankruptcy Rule 2002(q) provides that the parties identified therein must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it fails to specify the form and manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.[1]

11. Additionally, as set forth in section 1514(a) and (b), where notice is required to be given to creditors with foreign addresses, the court may approve a form of notice, other than mailing, where under the circumstances such other form would be more appropriate. The vast bulk of ZS's creditors have foreign addresses. Indeed, ZS's only purported ties to the United States stem from the US Litigation, which as discussed in the Verified Petition is a petition to confirm an

---

[1] Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). See Fed. R. Bankr. P. 2002(m) and 9007.

4

arbitration award granted by a London-based Arbitration Panel against a Serbian company in favor of another Serbian Company and its Dutch parent.  Currently, all of ZS's creditors receive notice of the Serbian Insolvency Proceeding through (i) the Serbian Court's bulletin board system and (ii) publication of notices in "Official Gazette" of the Republic of Serbia.  Accordingly, the BSA submits, that where notice is requested to creditors with a foreign address, publication through the Serbian Court's bulletin system and publication in the Official Gazette is not only more appropriate but more efficient, economical and in the best interest of ZS's estate.

12. Therefore, the BSA will publish, within ten days of entry of the Proposed Notice Order, the Notice and Petition, translated into Serbian, in accordance with Serbian Bankruptcy Law, to provide notice of legal filings (the "Notice by Publication").

13. The BSA respectfully submits that service of (i) the Notice and (ii) the Petition (and all exhibits and declarations filed contemporaneously with the Petition), by United States mail, first-class postage prepaid, upon the Chapter 15 Notice Parties in accordance with Bankruptcy Rule 2002(k) and (q) and Local Bankruptcy Rules 2002-1, 9006-1(b) and 9013-1(b) within seven days of entry of the Proposed Notice Order, and the Notice by Publication, within seven days of entry of the Proposed Notice Order, constitutes adequate and sufficient notice of this chapter 15 case, the relief sought in the Petition, the time fixed for filing objections to the relief sought in the Petition, and the time, date and place of the Recognition Hearing.

**B.     Scheduling Hearing On Recognition**

14. Section 1517(c) of the Bankruptcy Code provides that a petition for recognition shall be decided "at the earliest possible time."  Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days-notice of a hearing on a chapter 15 petition. *See* Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rule 1012(b) provides that a party responding to a petition has until "no

5

later than seven days before the date set for the hearing on the petition, unless the court prescribes some other time," to file an objection or a response. *See* Fed. R. Bankr. P. 1012(b).

15. As such, the BSA respectfully submits that the Recognition Hearing Date should be set, subject to the Court's calendar, on _____, which is the first business day that is not less than 21 days after service of the Petition and Notice.

## NO PRIOR REQUEST

16. No previous request for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the BSA respectfully requests (i) entry of an order in the form of the Proposed Notice Order attached hereto (a) setting a hearing date for the Recognition Hearing, and (b) approving the form of Notice and the manner of service of the Notice and the Petition; and (ii) granting BSA such other and further relief as may be just and proper.

Dated: New York, New York　　　　　　Respectfully submitted,
　　　　　June 27, 2019

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Matthew E. Draper_____
　　　　　　　　　　　　　　　　　　　　　　　Matthew E. Draper
　　　　　　　　　　　　　　　　　　　　　　　DRAPER & DRAPER LLC
　　　　　　　　　　　　　　　　　　　　　　　200 Park Avenue, Suite 1700
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10166
　　　　　　　　　　　　　　　　　　　　　　　Tel: (347) 442-7788
　　　　　　　　　　　　　　　　　　　　　　　Fax: (505) 490-4590
　　　　　　　　　　　　　　　　　　　　　　　Email: matthew.draper@draperllc.com

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Serbian Bankruptcy Supervision*
　　　　　　　　　　　　　　　　　　　　　　　*Agency as Trustee of Železara Smederevo D.O.O..*
　　　　　　　　　　　　　　　　　　　　　　　*in bankruptcy*